UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDA ISKANDAR,<br><br>　Plaintiff,<br><br>　　v.<br><br>EMBASSY OF THE STATE OF KUWAIT,<br><br>　Defendant. | Civil Action No. 14-721 (CKK) |

MEMORANDUM OPINION
(May 28, 2015)

Plaintiff, who is represented by counsel, filed suit against her former employer, the Embassy of the State of Kuwait, on April 24, 2014, alleging breach of contract as well as gender discrimination, sexual harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.* On September 17, 2014, Plaintiff moved for entry of default. A day later, Defendant filed a Motion to Dismiss the Complaint. Presently before the Court are Plaintiff's and Defendant's Motions. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court shall DENY Plaintiff's Motion for Entry of Default and GRANT Defendant's Motion to Dismiss.

I.　BACKGROUND

For the purposes of Defendant's Motion to Dismiss, the Court presumes the following facts pled in Plaintiff's Complaint to be true, as required when considering a motion to dismiss. From

---

[1] Plaintiff's Motion for Entry of Default ("Pl.'s Mot."), ECF No. [6]; Defendant's Motion to Dismiss Complaint ("Def.'s Mot."), ECF No. [7]; Plaintiff's Opposition to Defendant's Motion to Dismiss ("Pl.'s Opp'n"), ECF No. [8]; Defendant's Opposition to Motion for an Order of Default ("Def.'s Opp'n"), ECF No. [9].

2006 until her termination in January 2014, Plaintiff was employed as a claims processor at the Health Office of the Embassy of the State of Kuwait.  Compl. ¶ 10.  The Health Office "acts as a health insurance provider to Kuwaiti nationals," *id.* ¶ 8, and "engages in activities similar to any other health insurance provider, which include evaluating the validity of claims for health care treatment, negotiating and issuing payment for claims to health care providers, and reimbursing Kuwaiti citizens for out-of-pocket health care expenses," *id.* ¶ 9.  Plaintiff alleges that her supervisor discriminated against her on the basis of her gender by engaging in various actions of sexual harassment.  *Id*. ¶¶ 13-23.  Plaintiff also alleges that her supervisor retaliated against her when she protested against his actions by creating a hostile work environment and, ultimately, terminating Plaintiff's employment.  *Id.* ¶¶ 24-35.

Plaintiff filed suit against the Embassy of the State of Kuwait on April 24, 2014, alleging breach of contract as well as gender discrimination, sexual harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.*  On July 17, 2014, Plaintiff filed an Affidavit of Proof of Service showing that Plaintiff served the First Secretary of the Embassy of the State of Kuwait with the Complaint and Summons on July 15, 2014.  *See* Affidavit of Service, ECF No. [5].  As Defendant did not timely file an Answer, Plaintiff filed a Motion for Entry of Default on September 17, 2014.  The following day, Defendant filed a Motion to Dismiss arguing that Plaintiff's Complaint should be dismissed for failure to properly serve process, for lack of personal jurisdiction, and for failure to state sufficient facts to establish the Court's subject matter jurisdiction over Defendant.  Plaintiff filed an Opposition to Defendant's Motion to Dismiss and Defendant filed an Opposition to Plaintiff's Motion for Entry of Default.  No replies were filed.  Accordingly, Plaintiff's and Defendant's Motions are ripe for the Court's review.

## II.     LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

A court must dismiss a case when it lacks subject matter jurisdiction pursuant to Rule 12(b)(1). In so doing, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta,* 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted). "At the motion to dismiss stage, counseled complaints, as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact." *Settles v. U.S. Parole Comm'n,* 429 F.3d 1098, 1106 (D.C. Cir. 2005). In spite of the favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence. *Am. Farm Bureau v. Envtl. Prot. Agency,* 121 F.Supp.2d 84, 90 (D.D.C. 2000). Furthermore, a court need not accept inferences drawn by the plaintiff if those inferences are not supported by the facts alleged in the complaint. *Odhiambo v. Republic of Kenya,* 930 F.Supp.2d 17, 22-23 (D.D.C. 2013), *aff'd* 764 F.3d 31 (D.C. Cir. 2014) (citing *Browning v. Clinton,* 292 F.3d 235, 242 (D.C. Cir. 2002)).

### B. Federal Rule of Civil Procedure 12(b)(4)

Federal Rule of Civil Procedure 12(b)(4) provides that a Court may dismiss a case due to insufficiency of process if the plaintiff fails to establish that he or she has properly effected service upon the defendant(s) pursuant to Federal Rule of Civil Procedure 4. *Light v. Wolf,* 816 F.2d 746, 751 (D.C. Cir. 1987). "The party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law." *Id.*

3

(quoting C. Wright & A. Miller, *Federal Practice & Procedure* § 1083, at 334 (1969)); *see also Hilska v. Jones,* 217 F.R.D. 16, 20 (D.D.C. 2003) (holding that "the plaintiff carries the burden of establishing that he has properly effected service") (citation omitted).

### III.   DISCUSSION

At the outset, the Court notes that the parties agree that this case is governed by the Foreign Sovereign Immunities Act ("FSIA"), since Defendant is an embassy of a foreign state and the FSIA provides the sole basis for obtaining subject matter jurisdiction over a foreign sovereign nation in the United States. *See Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 439 (1989).  The parties also agree that an embassy must be served in the same manner as a foreign state itself, i.e., pursuant to FSIA § 1608(a). *See Howe v. Embassy of Italy,* --- F.Supp.3d ---, 2014 WL 4449697, *6 (D.D.C. Sept. 11, 2014) (finding that "Embassy of Italy in Washington, D.C., is an 'integral part of a foreign state's political structure,' making it a 'foreign state' for the purposes of the FSIA, subject to the service requirements of 28 U.S.C. § 1608(a)"); *Ellenbogen v. The Can. Embassy,* No. 05–1553, 2005 WL 3211428, *2 (D.D.C. Nov. 9, 2005) ("[I]t is well-settled that an embassy is a 'foreign state' . . . not an 'agency or instrumentality' thereof"); *Underwood v. United Republic of Tanzania*, 1995 WL 46383, *2 (D.D.C. Jan. 27, 1995) ("[W]e conclude that as a matter of law the embassy of a sovereign nation is a foreign state which must be served pursuant to §1608(a)").

Section 1608(a) provides that service be made: 1) by delivery of the summons and complaint in accordance with any special arrangement between the Plaintiff and the foreign state or political subdivision; or 2) if no special arrangement exists, in accordance with an applicable international convention; or, if service cannot be made using the previous two methods, by 3) sending the complaint documents with a translation into the official language of the foreign state,

by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned; or, in last resort, 4) through the United States Secretary of State.  28 U.S.C. § 1608(a).  The requirements of § 1608(a) must be strictly complied with.  *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 154 (D.C. Cir. 1994).  Plaintiff has not shown that any special arrangement exists between Plaintiff and Defendant or that there is an applicable international convention governing service in this case.  Accordingly, Plaintiff should have attempted to effectuate service of process pursuant to § 1608(a)(3) by asking the Clerk of Court to send the complaint documents with a translation, by mail requiring a signed receipt, to the head of the ministry of foreign affairs of the state of Kuwait.  However, instead of serving the head of the ministry of foreign affairs, Plaintiff served the First Secretary of the Embassy of the State of Kuwait in Washington, DC.  *See* Affidavit of Service, at 2.  Plaintiff also did not request the Clerk of Court send the Complaint and summons by mail requiring a signed receipt.  Instead, the First Secretary of the Embassy was "personally served with a Summons and Complaint."  *Id.*; Pl.'s Mot. ¶ 3.  Accordingly, the Court finds that Plaintiff did not properly effect service on Defendant.  As Plaintiff did not adhere to the strict requirements for service of process under the FSIA and Defendant nevertheless filed a Motion to Dismiss, Plaintiff's Motion for Entry of Default shall be DENIED.

Even though Plaintiff concedes that she did not properly effect service on Defendant, Plaintiff argues that the Court should not grant Defendant's Motion to Dismiss for failure to properly serve because she acted diligently in attempting to serve Defendant.  Instead, Plaintiff asks the Court to deny Defendant's Motion to Dismiss and grant her additional time to serve her Complaint.  Ordinarily, the Court would consider granting Plaintiff additional time to serve Defendant and deny Defendant's Motion to Dismiss.  However, Plaintiff, who, the Court reiterates,

is represented by counsel, has filed a Complaint that does not establish the Court's subject matter jurisdiction over this action.  Plaintiff's Complaint alleges federal question jurisdiction, 28 U.S.C. § 1331, and diversity jurisdiction, *id.* § 1332, as the grounds for subject matter jurisdiction in this case.  Compl. ¶ 3.  However, the FSIA provides the sole basis for obtaining subject matter jurisdiction over a foreign sovereign nation in the United States.  *See Argentine Republic*, 488 U.S. at 439.  Plaintiff concedes as much, yet nowhere in her Complaint does Plaintiff even mention the FSIA.  Plaintiff's counsel devotes much of the Opposition to Defendant's Motion to Dismiss arguing that the commercial activity exception to the FSIA applies in this case and, therefore, the Court has subject matter jurisdiction over this case because Defendant is exempt from immunity provided by the FSIA.  *See* Pl.'s Opp'n at 4-6.  But it is well established law that a plaintiff cannot amend her complaint through her pleadings.  *See Sloan v. Urban Title Servs., Inc.*, 689 F.Supp.2d 94, 114 (D.D.C. 2010) (explaining that a plaintiff cannot amend her complaint through her opposition briefing); *Juergens v. Urban Title Servs.,* 533 F.Supp.2d 64, 75 (D.D.C. 2008) (same).

Once Defendant filed its Motion to Dismiss alerting Plaintiff to the fact that she had not properly served Defendant pursuant to the FSIA (which Plaintiff promptly conceded) and challenging the Court's subject matter jurisdiction over this action, the appropriate course of action by Plaintiff's counsel would have been to file an amended complaint alleging that the FSIA provides the Court with jurisdiction over this action if that is Plaintiff's position.  As Plaintiff's counsel has failed to properly serve Defendant and failed to allege in her Complaint a basis for the Court's subject matter jurisdiction over this action, the Court shall GRANT Defendant's Motion to Dismiss and DISMISS WITHOUT PREJUDICE Plaintiff's Complaint.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Entry of Default is DENIED and

Defendant's Motion to Dismiss is GRANTED.  Plaintiff's Complaint is, therefore, DISMISSED WITHOUT PREJUDICE.  An appropriate Order accompanies this Memorandum Opinion.

>                      /s/
>     **COLLEEN KOLLAR-KOTELLY**
>     UNITED STATES DISTRICT JUDGE