**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RANDA ISKANDAR, <br><br>    Plaintiff, <br><br>      v. <br><br> EMBASSY OF THE STATE OF KUWAIT, <br><br>    Defendant. | **Civil Action No. 14-721 (CKK)** |

**MEMORANDUM OPINION**
(June 24, 2015)

The Court is in receipt of Plaintiff's [12] Motion to Reconsider. On May 28, 2015, the Court dismissed without prejudice Plaintiff's Complaint for failure to properly effect service on Defendant and for failure to establish the Court's subject matter jurisdiction over the action. *See* Mem. Op. (May 28, 2015), ECF No. [11], at 5-6. As the Court entered a final judgment dismissing without prejudice Plaintiff's lawsuit, the proper course of action for Plaintiff's counsel would be to file a new lawsuit that has corrected the deficiencies noted by the Court in its May 28, 2015, Memorandum Opinion, or to file a motion pursuant to Federal Rule of Civil Procedure 59(e) or 60(b). Plaintiff now appears to be asking the Court to reopen the case, but has failed to set out any legal basis for vacating the Court's final judgment pursuant to Rule 59(e) or 60(b).

In her one-page Motion, Plaintiff's counsel simply indicates that Plaintiff caused the Complaint to be transmitted for service on the Government of Kuwait pursuant to the Hague Convention. Pl.'s Mot. to Reconsider, ¶ 2. The exhibits attached to Plaintiff's Motion suggest that Plaintiff made a renewed attempt to effect service, this time pursuant to the Hague Convention, in February 2015—several months after Defendant filed its Motion to Dismiss and several months

prior to the Court ruling on Defendant's Motion to Dismiss. This information was never brought to the Court's attention by Plaintiff at any time prior to the Court ruling on Defendant's Motion to Dismiss on May 28, 2015.  Most importantly, Plaintiff does not provide any detail in her present Motion as to how this alleged service complies with the Hague Convention requirements.  Nor does Plaintiff discuss the Court's primary ground for dismissing Plaintiff's Complaint—the Court's lack of subject matter jurisdiction over the action.  Plaintiff also seeks leave to file an Amended Complaint, but does not attach any proposed amended complaint to her Motion.

Accordingly, the Court shall DENY WITHOUT PREJUDICE Plaintiff's [12] Motion to Reconsider.

If Plaintiff does seek to reopen this final judgment, Plaintiff must file a motion pursuant to Federal Rule of Civil Procedure 59(e) or 60(b) with thorough briefing of the legal basis for reopening this matter pursuant to either rule.  Plaintiff's motion should also indicate why Plaintiff's counsel did not notify the Court that she had made a renewed attempt to serve Defendant allegedly pursuant to the Hague Convention several months prior to the Court ruling on Defendant's Motion to Dismiss for failure to properly serve Defendant as one of the grounds for dismissal.  Plaintiff's motion shall further indicate in detail how the service Plaintiff alleges to have effected on Defendant in February 2015 was in compliance with the specific service requirements of the Hague Convention.  Plaintiff shall also address the Court's subject matter jurisdiction over the action. Finally, Plaintiff's present Motion simply indicates that "Plaintiff's claims may be time-barred by the statute of limitations," *id.* ¶ 4.  If Plaintiff chooses to file a motion pursuant to Federal Rule of Civil Procedure 59(e) or 60(b), Plaintiff shall indicate when the statute of limitations expires and

the legal basis for Plaintiff's calculation.[1]

      An appropriate Order accompanies this Memorandum Opinion.


                                    _/s/_____

                                    **COLLEEN KOLLAR-KOTELLY**

                                    UNITED STATES DISTRICT JUDGE

---

[1] In filing her Motion to Reconsider, Plaintiff did not comply with District Court Local Civil Rule 7(m) which requires counsel to discuss any non-dispositive motion in a civil action with opposing counsel "in a good-faith effort to determine whether there is any opposition to the relief sought . . . ." Plaintiff's Motion in no way indicates Defendant's position on the Motion or that Plaintiff's counsel conferred with Defendant. However, the Court will not wait for Defendant's position on Plaintiff's Motion because Plaintiff's Motion is insufficient on its face. If Plaintiff refiles her Motion to Reconsider, the Court expects that Plaintiff will comply with Rule 7(m).