UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDA ISKANDAR,<br>    Plaintiff,<br><br>    v.<br><br>EMBASSY OF THE STATE OF KUWAIT,<br>    Defendant. | Civil Action No. 14-721 (CKK) |

**MEMORANDUM OPINION**
(February 29, 2016)

Plaintiff, who is represented by counsel, filed suit against her former employer, the Embassy of the State of Kuwait, on April 24, 2014, alleging breach of contract as well as gender discrimination, sexual harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.*  Presently before the Court is Plaintiff's [18] Amended Motion for Reconsideration of the Court's ruling issued on May 28, 2015, dismissing without prejudice Plaintiff's Complaint.  Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court, in an exercise of its discretion, shall GRANT Plaintiff's [18] Amended Motion for Reconsideration.

**I. BACKGROUND**

On April 24, 2014, Plaintiff filed a Complaint against Defendant, the Embassy of the State of Kuwait ("Defendant" or "the Embassy"), alleging breach of contract as well as gender discrimination, sexual harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.*  On July 17, 2014, Plaintiff filed an Affidavit of Proof of Service

---

[1] Plaintiff's Amended Motion for Reconsideration ("Pl.'s Am. Mot."), ECF No. [18]; Defendant's Opposition to Plaintiff's Amended Motion for Reconsideration ("Def.'s Opp'n"), ECF No. [21]; Plaintiff's Reply to Defendant's Opposition ("Pl.'s Reply"), ECF No. [23].

showing that Plaintiff served the First Secretary of the Embassy of the State of Kuwait with the Complaint and Summons on July 15, 2014.  *See* Affidavit of Service, ECF No. [5].  As Defendant did not timely file an Answer, Plaintiff filed a Motion for Entry of Default on September 17, 2014.  The following day, Defendant filed a Motion to Dismiss, arguing that Plaintiff's Complaint should be dismissed for failure to properly serve process, for lack of personal jurisdiction, and for failure to state sufficient facts to establish the Court's subject matter jurisdiction over Defendant.

On May 28, 2015, the Court issued a Memorandum Opinion and Order, denying Plaintiff's Motion for Entry of Default and granting Defendant's Motion to Dismiss.  *See* Mem. Opinion and Order (May 28, 2015), ECF Nos. [10], [11].  In its Memorandum Opinion, the Court found that (1) Plaintiff failed to properly effect service on Defendant under the Foreign Sovereign Immunities Act ("FSIA"), and (2) Plaintiff failed to allege in her Complaint a basis for the Court's subject matter jurisdiction over this action.  *See* Mem. Opinion (May 28, 2015), ECF No [11], at 5-6.

On June 23, 2015, Plaintiff filed her initial motion for reconsideration, requesting that the Court vacate its Order issued on May 28, 2015 and allow Plaintiff to file an Amended Complaint and obtain proper service thereof.  *See* Pl.'s Mot. to Reconsider, ECF No. [12], at 1.  In her one-page Motion, Plaintiff's counsel simply indicated that she had caused the Complaint to be transmitted for service on the Government of Kuwait pursuant to the Hague Convention.  *See id.*  Plaintiff's counsel also indicated that her claims may be time-barred by the applicable statute of limitations, and that Plaintiff will be unable to seek redress for her claims if her case is dismissed pursuant to the Court's Order issued on May 28, 2015.  *See id.*

On June 24, 2015, the Court issued a Memorandum Opinion and Order, denying Plaintiff's initial motion for reconsideration.  *See* Mem. Opinion and Order (June 24, 2015), ECF Nos. [14], [15].  As the Court explained in that Opinion, the exhibits attached to Plaintiff's initial motion for

reconsideration suggested that Plaintiff made a renewed attempt to effect service, this time pursuant to the Hague Convention, in February 2015—several months after Defendant filed its Motion to Dismiss and several months prior to the Court ruling on Defendant's Motion to Dismiss. *See* Mem. Opinion (June 24, 2015), ECF No. [15], at 1-2. That information was never brought to the Court's attention by Plaintiff at any time prior to the Court ruling on Defendant's Motion to Dismiss on May 28, 2015. *Id.* at 2. Most importantly, Plaintiff did not provide any detail in her initial motion as to how that alleged service complied with the Hague Convention requirements. *Id.* Nor did Plaintiff discuss the Court's primary ground for dismissing Plaintiff's Complaint—the Court's lack of subject matter jurisdiction over the action. *Id.* Plaintiff's initial motion also sought leave to file an Amended Complaint, but Plaintiff's counsel did not attach any proposed amended complaint to her motion. *Id.* In light of the foregoing reasons, the Court denied without prejudice Plaintiff's initial motion to reconsider. *Id.*

In denying the motion, the Court set out requirements for Plaintiff's amended motion for reconsideration, if Plaintiff elected to file such a motion:

> If Plaintiff does seek to reopen this final judgment, Plaintiff must file a motion pursuant to Federal Rule of Civil Procedure 59(e) or 60(b) with thorough briefing of the legal basis for reopening this matter pursuant to either rule. Plaintiff's motion should also indicate why Plaintiff's counsel did not notify the Court that she had made a renewed attempt to serve Defendant allegedly pursuant to the Hague Convention several months prior to the Court ruling on Defendant's Motion to Dismiss for failure to properly serve Defendant as one of the grounds for dismissal. Plaintiff's motion shall further indicate in detail how the service Plaintiff alleges to have effected on Defendant in February 2015 was in compliance with the specific service requirements of the Hague Convention. Plaintiff shall also address the Court's subject matter jurisdiction over the action. Finally, Plaintiff's present Motion simply indicates that "Plaintiff's claims may be time-barred by the statute of limitations," *id.* ¶ 4. If Plaintiff chooses to file a motion pursuant to Federal Rule of Civil Procedure 59(e) or 60(b), Plaintiff shall indicate when the statute of limitations expires and the legal basis for Plaintiff's calculation.

*Id.* at 2-3.

Rather than immediately filing a Rule 60(b) motion, Plaintiff's counsel on June 27, 2015 filed a Notice of Appeal to the U.S. Court of Appeals for the District of Columbia Circuit. *See* Notice of Appeal to DC Circuit, ECF No. [16].

Four days later, on July 1, 2015, Plaintiff's counsel filed the Amended Motion for Reconsideration presently before the Court. *See* Pl.'s Amended Mot., ECF No. [18]. Plaintiff's Amended Motion for Reconsideration adheres to the requirements set forth in the Court's Opinion issued on June 24, 2015. Namely, the amended motion (1) provides briefing as to why the Court should reopen this matter pursuant to Rule 60(b); (2) explains why Plaintiff's counsel did not notify the Court that she had made a renewed attempt to serve Defendant; (3) indicates how the service alleged to have effected on Defendant was in compliance with the service requirements of the Hague Convention;[2] (4) requests that the Court grant Plaintiff leave to file an amended complaint, attached to Plaintiff's motion, which properly addresses the Court's subject matter jurisdiction over this action; and (5) indicates when the applicable statute of limitations in this case expired.

However, because Plaintiff's counsel had already filed a Notice of Appeal, this Court lacked jurisdiction to issue a decision on Plaintiff's Amended Motion for Reconsideration. Accordingly, this Court issued a Minute Order on July 7, 2015, holding in abeyance Plaintiff's Amended Motion for Reconsideration until the Court of Appeals acted on Plaintiff's appeal. *See* Minute Order (July 7, 2015).

On July 28, 2015, Plaintiff retained new counsel to represent her in connection with the aforesaid appeal, as well as the motion for reconsideration pending in this Court. *See* Pl.'s Consent

---

[2] Plaintiff concedes in her Reply brief that in February 2015, she did not properly affect service under the FSIA. Accordingly, Plaintiff's Amended Motion for Reconsideration requests that she be provided another opportunity to serve Defendant. *See* Pl.'s Reply at 7 n.1.

On January 4, 2016, the Court of Appeals granted Plaintiff's motion for a voluntary dismissal, thereby allowing this Court to consider Plaintiff's Amended Motion for Reconsideration. *See* Order of USCA, ECF No. [20]. On January 21, 2016, Defendant filed its Memorandum in Opposition to Plaintiff's Amended Motion for Reconsideration. *See* Def.'s Opp'n, ECF No. [21]. On January 28, 2016, Plaintiff, represented by her new counsel, filed her Reply. *See* Pl.'s Reply, ECF No. [23]. Accordingly, Plaintiff's Amended Motion for Reconsideration is ripe for the Court's review.

## II. LEGAL STANDARD

Plaintiff requests that the Court grant her Amended Motion for Reconsideration under Federal Rule of Civil Procedure 60(b). *See* Pl.'s Am. Mot. at 2. Rule 60(b) provides that, on motion and just terms, the Court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

1) mistake, inadvertence, surprise, or excusable neglect;
2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
4) the judgment is void;
5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The Rule "was intended to preserve 'the delicate balance between the sanctity of final judgments ... and the incessant command of the court's conscience that justice be done in light of all the facts.' " *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980)

(quoting *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970)).  As the D.C. Circuit has emphasized, Rule 60(b) "gives the district judge broad latitude to relieve a party from a judgment," *Richardson v. Nat'l R.R. Passenger Corp.*, 49 F.3d 760, 765 (D.C. Cir. 1995), but "should be only sparingly used," *Good Luck Nursing Home*, 636 F.2d at 577.  The party seeking relief under Rule 60(b) bears the burden of showing that he or she is entitled to the relief.  *Norris v. Salazar*, 277 F.R.D. 22, 25 (D.D.C. 2011).  Common to all grounds for relief under Rule 60(b) are the requirements that the motion be timely, *see* Fed. R. Civ. P. 60(c)(1), and that the movant "demonstrate a meritorious claim or defense" to the motion upon which the district court previously dismissed the complaint, *see Lepkowski v. U.S. Dep't of Treasury*, 804 F.2d 1310, 1314 (D.C. Cir. 1986).

### III.  DISCUSSION

Plaintiff, through her Amended Motion for Reconsideration, requests that the Court reconsider its ruling of May 28, 2015 and grant Plaintiff leave to amend her Complaint and to attempt service.  Pl.'s Am. Mot. at 1.  Although Plaintiff's Amended Motion seeks relief under Rule 60(b) generally, it specifically cites language from two provisions, Rule 60(b)(1) and Rule 60(b)(6).  *See id.* at 2 ("A court may grant relief from a final order due to among other things, mistake, inadvertence, surprise, excusable neglect, or any other reason that justifies relief.").  Because the Court finds that relief is warranted under the "excusable neglect" prong of Rule 60(b)(1), the Court need not examine whether relief is also warranted under Rule 60(b)(6).

   A.  <u>Relief is Warranted under Rule 60(b)(1).</u>

Rule 60(b)(1) provides, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" because of "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  The Supreme Court has set out four factors for determining

what kind of neglect may constitute "excusable neglect." *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).  These factors are: "(1) the danger of prejudice to the [opposing party], (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003) (citing *Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489).  The inquiry into whether a party's action constitutes excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489.

Here, on balance, these factors favor reinstating this case pursuant to Rule 60(b)(1).

**1. Danger of Prejudice to Defendant**

As to the first factor, Defendant will not be prejudiced if the Court grants Plaintiff's Amended Motion.  Defendant asserts that permitting another service attempt would prejudice the Embassy because seven key witnesses, including Dr. Abdullah Alwetaib—the employee who allegedly committed the misconduct that Plaintiff complains of—are no longer available. *See* Def.'s Opp'n at 8.  An affidavit attached to Defendant's Opposition brief indicates that Dr. Alweitaib's tour of service in Washington, D.C. has ended. *See* Exhibit 2 to Def.'s Opp'n.  However, it is not clear why Dr. Alwetaib is otherwise unavailable or unable to participate in this litigation.  Defendant does not suggest that Dr. Alwetaib is unreachable, or otherwise unavailable to help Defendant investigate and defend this case.  Defendant also does not identify who the other unavailable witnesses are, state why they cannot be compelled to participate in this litigation, or describe how their absence would prejudice Defendant in its efforts to defend against Plaintiff's

claims.³

Moreover, as Plaintiff notes in her Reply brief, Defendant has been aware of this case since 2014, and, to date, has been an active participant. *See* Pl.'s Reply at 5. Defendant will not be subjected to any unfair surprise or prejudice if Plaintiff's Amended Motion is granted, and Plaintiff is permitted the opportunity to properly effect service on Defendant. *See id.*

Accordingly, the Court finds that Defendant will not be prejudiced if the Court grants Plaintiff's Amended Motion.

### 2. Length of delay and Its Potential Impact on Judicial Proceedings

Turning to the second factor—the length of delay and its potential impact on judicial proceedings—the Court finds that the delays resulting from former counsel's errors have had an "adverse impact on efficient court administration"; however, the delays have not impacted these proceedings so significantly that they should preclude Plaintiff from having the opportunity to litigate her case on the merits.

It is clear from the procedural posture that Plaintiff's former counsel made a plethora of missteps that have delayed this case: (1) in July 2014, counsel attempted service on Defendant under the wrong provision of the FSIA; (2) counsel waited until June 2015—after the Court had

---

³ The case cited by Defendant in support of its assertion of prejudice is entirely inapposite to the facts of this case. In that case, *Gull Airborne Instruments, Inc. v. Weinberger*, 694 F.2d 838 (D.C. Cir. 1982), the plaintiff, an unsuccessful bidder on a government contract, delayed three years before challenging the award of the contract at issue. *See id.* at 844. During those three years, the original contracting officer died. *See id.* at 845. In determining whether any prejudice existed to support a laches defense, the district court found that the death of the contract officer seriously prejudiced the government's ability to combat the plaintiff's charge that the award of the disputed contract was arbitrary and capricious. *See id.* The D.C. Circuit reversed the district court's decision, finding that any prejudice to the government had been cured by the existence of documentation that had been preserved. *See id.* Accordingly, *Gull Airborne* does nothing to support Defendant's assertion that it would be prejudiced if Plaintiff were permitted the opportunity to file an amended complaint and to effect service.

issued an Order dismissing her client's case—to inform the Court that counsel had attempted service on Defendant in February 2015; (3) counsel failed to allege in the initial Complaint a basis for the Court's subject matter jurisdiction over this action, which resulted in the Court's dismissal of Plaintiff's case; (4) counsel filed a motion for reconsideration in July 2015 requesting that the Court reopen the case without setting forth any legal basis for vacating the Court's judgment; and (5) when afforded the opportunity to file an amended motion for reconsideration, counsel immediately filed a Notice of Appeal, which resulted in a stay of the present motion until January 2016. Altogether, the missteps by Plaintiff's former counsel delayed this case by a number of months, and the delays have had an "adverse impact on efficient court administration." *Pioneer*, 507 U.S. at 385, 113 S.Ct. 1493.

Nevertheless, the delays have not impacted the proceedings in such a significant manner that they should foreclose Plaintiff from having the opportunity to litigate her case on the merits. At the heart of Plaintiff's lawsuit are two Title VII claims—one for gender discrimination / sexual harassment and another for retaliation. *See* Compl., ECF No. [8]. Both of these claims would be barred by the applicable 90-day statute of limitations, should Plaintiff be required to file a new complaint. *See Ciralsky v. C.I.A.*, 355 F.3d 661, 672 (D. C. Cir. 2004). Therefore, even though this Court dismissed Plaintiff's Complaint "without prejudice," the Court's decision effectively dismisses Plaintiff's claims "with prejudice." *See* Am. Mot. at 4. The Court finds that such an outcome would be an inappropriately harsh sanction, particularly in light of the fact that Plaintiff has retained new counsel.[4] Moreover, Plaintiff's new counsel has assured the Court that Defendant

---

[4] Defendant argues that dismissal with prejudice would be an appropriate sanction because "Plaintiff's conduct amounts to a failure to prosecute." Def.'s Opp'n at 7-8. Defendant's argument is baseless. The D.C. Circuit has made clear that dismissal for failure to prosecute is a "harsh sanction . . . limited to cases involving egregious conduct by particularly dilatory

will be properly served under Section 1608(a)(4) of the FSIA, should the Court grant Plaintiff's Amended Motion for Reconsideration. *See* Pl.'s Reply, ECF No. [23], at 7.

In light of the foregoing, the Court finds that the delays resulting from former counsel's errors have had an "adverse impact on efficient court administration"; however, the delays have not impacted these proceedings so significantly that they should preclude Plaintiff from having the opportunity to litigate her case on the merits.

### 3. Reason for Delay and Whether the Movant Acted in Good Faith

As to the remaining two factors—the reason for the delay and the absence of bad faith—the Court finds, and Defendant makes no argument to the contrary, that the mistakes made by Plaintiff's former counsel were made in good faith. In addition, throughout briefing, Plaintiff's former counsel has provided reasons, albeit misguided, for each of her actions.[5] Accordingly, these two factors favor reinstating this case pursuant to Rule 60(b)(1).

In light of the foregoing, the Court finds that the errors made by Plaintiff's former counsel constitute "excusable neglect" and that, on balance, the four equitable factors examined above favor reinstating this case pursuant to Rule 60(b)(1). *See In re Vitamins Antitrust Class Actions*,

---

plaintiffs." *Angellino v. Royal Family Al-Saud*, 688 F.3d 771, 775 (D.C. Cir. 2012) (citations omitted). Furthermore, where, as here, there exists a "reasonable prospect that service can be obtained," dismissal is not appropriate. *See id.* at 776 (citations omitted).

[5] With regard to service, Plaintiff's former counsel submitted that she "made an earnest effort to comply with the service requirements of the FSIA," and that when it became evident that her efforts were ineffective, she attempted to effect service under an applicable international convention, the Hague Service Convention. *See* Pl.'s Am. Mot. at 5. Former counsel also explained that she did not inform the Court of her service attempts under the Hague Service Convention because the service request was still outstanding and unfulfilled. *Id.* With regard to amending the Complaint, former counsel asserted she did not previously seek to amend her Complaint because she believed that she had pleaded facts sufficient to establish the Court's subject-matter jurisdiction over Plaintiff's claims under the FSIA. *Id.* at 5-6.

327 F.3d at 1209. Accordingly, the Court shall vacate its [10] Order issued on May 28, 2015, as to the part granting Defendant's Motion to Dismiss and dismissing without prejudice Plaintiff's claims.

The Court also finds that it would serve the end of justice under Rule 15(a) to grant leave to Plaintiff to file the proposed amended complaint attached to her Amended Motion for Reconsideration. *See* Fed. R. Civ. P. 15(a); *see also Rollins v. Wackenhut Services, Inc.*, 703 F.3d 122, 130 (D.C. Cir. 2012) ("Federal Rule of Civil Procedure 15(a) provides that a district court 'should freely give leave [to amend] when justice so requires.' "). Upon review of the proposed amended complaint, it is clear that it sufficiently alleges a basis for the Court's subject matter jurisdiction over this action. *See* ECF No. [18-7]. Therefore, Plaintiff's proposed amended complaint cures the pleading defects identified by the Court in its Order issued May 28, 2015. *See* Mem. Opinion (May 28, 2015), ECF No [11], at 5-6.[6]

Plaintiff shall have until April 15, 2016 to properly effect service on Defendant under the FSIA. If Plaintiff does not properly serve Defendant by April 15, 2016, then Plaintiff's case shall be dismissed.

---

[6] Defendant's opposition contains a brief argument asserting that Plaintiff's proposed amended complaint fails to show that the Court has subject matter jurisdiction under the "commercial activity" exception of the FSIA. *See* Def.'s Opp'n at 9-11. As noted by Plaintiff, Defendant's argument is better suited for a motion to dismiss. *See* Pl.'s Reply at 7. In any event, it is not clear from the current record that the proposed amended complaint would be futile on the ground that the "commercial activity" exception of the FSIA does not apply in this case. *See Simpson v. Socialist People's Libyan Arab Jamahiriya*, 470 F.3d 356, 357 (D.C. Cir. 2006) (discussing evidentiary burdens in resolving exceptions to sovereign immunity under the FSIA). Defendant shall not be precluded from raising its argument as part of a motion to dismiss.

## IV.  CONCLUSION

For the foregoing reasons, the Court, in an exercise of its discretion, shall GRANT Plaintiff's [18] Amended Motion for Reconsideration.  Accordingly, the Court shall vacate its [10] Order issued on May 28, 2015, as to the parts granting Defendant's Motion to Dismiss and dismissing without prejudice Plaintiff's claims.  The parts of the Court's [10] Order denying Plaintiff's Motion for Entry of Default shall not be affected by this Memorandum Opinion and the accompanying Order.

The Court shall also GRANT Plaintiff leave to file the proposed amended complaint, ECF No. [18-7], attached to her Amended Motion for Reconsideration.  Plaintiff's Amended Complaint shall be deemed filed as of the date of this Memorandum Opinion and the accompanying Order.

An appropriate Order accompanies this Memorandum Opinion.

    */s/*  
**COLLEEN KOLLAR-KOTELLY**  
UNITED STATES DISTRICT JUDGE
